`UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| JOHN PINNICCHIA, *Plaintiff*, v. U.S. DEPARTMENT OF VETERANS AFFAIRS, *Defendant.* | No. 3:17-cv-2139 (VAB) |

**RULING ON MOTION FOR SUMMARY JUDGMENT**

John Pinnicchia sued the United States Department of Veterans Affairs (either the "VA"" or "Defendant") for declaratory and injunctive relief under the Freedom of Information Act ("FOIA"). Mr. Pinnicchia alleges that the VA has improperly withheld agency records. The VA has moved for summary judgment. Def.'s Mot. for Summ. J., ECF No. 12.

For the following reasons, the Court **GRANTS** the motion for summary judgment, and the VA need not unredact the documents already provided.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Allegations

According to Mr. Pinnicchia, on or about May 25 or 26, 2017, he was falsely accused of job-related impropriety and suspended with pay, pending an investigation. Compl., ECF No. 1, at ¶ 6. According to his FOIA request, Mr. Pinnicchia was informed by Mr. Harry Lovett that he "allegedly threatened" his "immediate supervisor Kevin Tyson." Martin Decl., Ex. A, ECF No. 13-2. The time and date of the event were not made clear to Mr. Pinnicchia. *Id.* Mr. Pinnicchia was exonerated by the investigation, but his accuser was never identified. Compl., at ¶ 6.

On June 2, 2017, Mr. Pinnicchia requested "any and all police reports or police logs

1

relating to this incident." Martin Decl., Ex. A., ECF No. 13-2; Compl., at ¶ 7.

On June 14, 2017, Veteran Affairs provided Mr. Pinnicchia with a redacted police report. *Id.* at ¶ 8. The initial agency decision noted that "all personal, names and identifying information of the other parties have been redacted." Martin Aff., Ex. C, ECF No. 13-4. The VA's General Counsel later affirmed the decision to redact the personally identifiable information on Mr. Pinnicchia's appeal. *Id.* at ¶¶ 9–10, Ex. 1.

### B. Procedural History

On December 21, 2017, Mr. Pinnicchia filed this Complaint against the Department of Veterans Affairs for declaratory relief, injunctive relief, costs, and attorney's fees under FOIA. ECF No. 1. On January 29, 2018, the VA answered the Complaint. ECF No. 11.

On July 13, 2018, the VA moved for summary judgment. ECF No. 12.

On July 22, 2018, Mr. Pinnicchia filed a memorandum in opposition to summary judgment. ECF No. 17.

On August 6, 2018, the VA replied to Mr. Pinnicchia 's response. ECF No. 18.

On March 6, 2019, the Court held a hearing on the VA's 's motion for summary judgment.

## II. STANDARD OF REVIEW

"FOIA was enacted to promote honest and open government and to assure the existence of an informed citizenry to hold the governors accountable to the governed." *Grand Cent. P'ship., Inc. v. Cuomo*, 166 F.3d 473, 478 (2d Cir. 1999) (internal quotation marks and citation omitted). FOIA reflects "a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language," *Dep't of Air Force v. Rose*, 425 U.S. 352, 360–61 (1976) (quotation marks omitted), and "adopts as its most basic premise a policy

strongly favoring public disclosure of information in the possession of federal agencies." *Halpern v. F.B.I.*, 181 F.3d 279, 286 (2d Cir. 1999).

"There are, however, limits to FOIA's reach. Specifically, in recognition of those interests that may at times conflict with the policy of full disclosure, FOIA also provides nine exemptions from its disclosure requirement." *El Badrawi v. Dep't of Homeland Sec.*, 583 F. Supp. 2d 285, 292 (D. Conn. 2008) (quotation marks and citations omitted). Yet, "[i]n keeping with the policy of full disclosure, the exemptions are narrowly construed with doubts resolved in favor of disclosure." *Halpern*, 181 F.3d at 287 (quotation marks omitted).

"Summary judgment is the procedural vehicle by which most FOIA actions are resolved." *N.Y. Times Co. v. Dep't of Def.*, 499 F. Supp. 2d 501, 509 (S.D.N.Y. 2007) (citation omitted). When an agency withholds material under a FOIA Exemption, "[t]he agency asserting the exemption bears the burden of proof, and all doubts as to the applicability of the exemption must be resolved in favor of disclosure." *N.Y. Times v. U.S. Dep't of Justice*, 756 F.3d 100, 112 (2d Cir. 2014) (citing *Wilner v. Nat'l Sec. Agency*, 592 F.3d 60, 69 (2d Cir. 2009)). "As with all motions for summary judgment, summary judgment in a FOIA case is appropriate only when the . . . materials submitted to the Court show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Serv. Women's Action Network v. Dep't of Def.*, 888 F. Supp. 2d 231, 240 (D. Conn. 2012) (quotation marks omitted) ("*SWAN*").

"In order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to FOIA." *Carney v. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994). To sustain that burden, the agency may rely on "[a]ffidavits or declarations supplying facts

3

indicating that the agency has conducted a thorough search and giving reasonably detailed explanations why any withheld documents fall within an exemption." *Id.*

> Affidavits submitted by an agency are accorded a presumption of good faith; accordingly, discovery relating to the agency's search and the exemptions it claims for withholding records generally is unnecessary if the agency's submissions are adequate on their face. When this is the case, the district court may forgo discovery and award summary judgment on the basis of affidavits.

*Id.* (quotation marks and citations omitted). This good faith presumption, however, only applies to agency affidavits or declarations that are "reasonably detailed." *Halpern*, 181 F.3d at 295. Affidavits "must be relatively detailed and non-conclusory," which "means, for instance, that [they] must describe in reasonable detail the scope of the search and the search terms or methods employed." *SWAN,* 888 F. Supp. 2d at 241 (quotation marks omitted).

"Finally, FOIA instructs district courts to review de novo agency decisions to withhold records. The de novo standard of review for FOIA cases is well established in this circuit." *El Badrawi*, 583 F. Supp. 2d at 292 (citations omitted).

## III. DISCUSSION

FOIA requires disclosure of public agency records unless the requested documents fall within one of FOIA's nine enumerated exemptions. 5 U.S.C. § 552(a), (b)(1)–(9); *Nat'l Council of La Raza v. Dep't of Justice*, 411 F.3d 350, 355 (2d Cir. 2006) ("FOIA strongly favors a policy of disclosure and requires the government to disclose its records unless its documents fall within one of the specific enumerated exemptions set forth in the act."). Courts "construe FOIA exemptions narrowly, resolving all doubts in favor of disclosure." *Wood v. F.B.I.*, 432 F.3d 78, 83 (2d Cir. 2005) (citing *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001)).

The VA argues that the redacted information in this case falls within FOIA Exemptions 6

4

and 7(C) for three reasons. First, the VA properly redacted information in the record because the police record was compiled for law enforcement purposes covered under exemption 7(C). Second, the redacted information implicates a recognized privacy interest because unredacted information could be used to identify other parties referred to in the request. Third, disclosure of the redacted information serves no public interest and is outweighed by the countervailing privacy interests of the parties implicated in the redacted information. Alternatively, the VA requests that the Court review the unredacted record *in camera* to make appropriate redaction determinations.

In response, Mr. Pinnicchia argues that the privacy interest of every individual who VA attempts to protect is engaged in government work, on government time, and in government facilities. Mr. Pinnicchia therefore argues that the alleged private matters do not implicate 7(C)'s personal matters and personal facts exemption. According to Mr. Pinnicchia, when the requested information concerns government matters and there is no other way to access the information, the balance of public and private interests weighs in favor of disclosure of the information. Mr. Pinnicchia also does not object to the Court reviewing the unredacted information *in camera*.

In reply, the VA argues that, even when the information requested sheds light on a government activity, the personally identifiable information omitted is still protected; thus, Mr. Pinnicchia cannot satisfy his burden in proving that an overriding public interest necessitates disclosure of the personal information.

The Court agrees

To succeed on a motion for summary judgment in a FOIA case, "the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA." *Carney*, 19 F.3d at 812. An agency may meet its burden by

"giving reasonably detailed explanations why any withheld documents fall within an exemption," with the affidavits and declarations in support of this determination being "accorded a presumption of good faith." *Id.* (internal quotation marks omitted). Here, neither party contests the adequacy of the search. The Court shall therefore only consider the purported FOIA exemptions.

### A. Applicability of Exemptions 6 and 7(C)

The VA justifies its redactions to the records provided to Mr. Pinnicchia under FOIA Exemptions 6 and 7(C). These exemptions permit agencies to withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy," 5 U.S.C. § 552(b)(6), and "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy," 5 U.S.C. § 552(b)(7)(C).[1] Because these documents were compiled for law enforcement purposes, the applicability of Exemption 7(C) is the threshold issue with respect to the redaction of these records.

The Second Circuit has consistently emphasized that, "[i]n keeping with the policy of full disclosure, the [FOIA] exemptions are narrowly construed with doubts resolved in favor of disclosure." *Halpern*, 181 F.3d at 287 (quotation marks and citation omitted).

> Exceptions to FOIA's general principle of broad disclosure of Government records have consistently been given a narrow compass. The government bears the burden of demonstrating that an exemption applies to each item of information it seeks to withhold, and all doubts as to the applicability of the exemption must be resolved in favor of disclosure.

---

[1] The standard for evaluating a threatened invasion of privacy interests under Exemption 7(C) "is somewhat broader than the standard applicable" under Exemption 6. *U.S. Dep't of Justice v. Reporters Comm. For Freedom of Press*, 489 U.S. 749, 756 (1989). Because both exemptions are implicated here, the Court will analyze this case under the broader 7(C) standard. *See Perlman v. U.S. Dep't of Justice*, 312 F.3d 100, 106 (2d Cir. 2002).

*Ctr. for Constitutional Rights v. C.I.A.*, 765 F.3d 161, 166 (2d Cir. 2014) (quotation marks and citations omitted), *cert. denied*, 135 S.Ct. 1530 (2015).

To meet its burden, an agency "must provide a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply." *Vietnam Veterans of Am. Conn. Greater Hartford Chapter 120 v. Dep't of Homeland Sec.*, 8 F. Supp. 3d 188, 228 (D. Conn. 2014) (citing *Morley v. C.I.A.*, 508 F.3d 1108, 1122 (2d Cir. 2007)). The department asserting the FOIA Exemption "must explain specifically which of the nine statutory exemptions to FOIA's general rule of disclosure supports the agency's decision to withhold a requested document or to delete information from a released document." *Id.* (quotation marks and citation omitted). "In analyzing the applicability of exemption 7(C), a court must consider three factors: (1) whether the document was compiled for law enforcement purposes, (2) whether the record implicates a recognized privacy interest, and (3) whether the privacy interest is outweighed by an overriding public interest in disclosure of the information." *Peeler v. Dep't of Justice*, No. 3:13–cv–1323 (JAM), 2015 WL 418136, at *5 (D. Conn. Jan. 30, 2015) (citing *Massey v. F.B.I.*, 3 F.3d 620, 624–25 (2d Cir. 1993)).

Here, the VA has met its burden by showing that the record requested by Mr. Pinnicchia was compiled for a law enforcement function and implicated privacy interests without a countervailing public interest.

First, Exemption 7 only applies to FOIA requests involving "records or information compiled for law enforcement purposes." 5 U.S.C. § 552(b)(7)(C). Exemption 7 would apply because Mr. Pinnicchia requested "any and all police reports or police logs relating to" the relevant incident. Martin Decl., Ex. A, ECF No. 13-2. The documents therefore were requested

7

for a law enforcement purpose.

Second, Exemption 7(C) allows an agency to withhold documents for personal privacy reasons. As the Supreme Court has noted, "Exemption 7(C), by its terms, permits an agency to withhold a document only when revelation 'could reasonably be expected to constitute an unwarranted invasion of personal privacy.'" *Reporters Comm.*, 489 U.S. at 771. "[W]hether disclosure of a private document under Exemption 7(C) is warranted must turn on the nature of the requested document and its relationship to" this "basic purpose" of the FOIA. *Id.* at 772.

Here, Mr. Pinnicchia seeks his accuser's personal identity. *See* Compl., at ¶ 6. The Court's review of the redacted and unredacted versions of Mr. Pinnicchia's requested record shows that only personally identifiable private information was redacted from the investigation report. *See* ECF Nos. 13-5, 14. A comparison of the redacted and unredacted versions of the documents shows that the redacted record omits the reporting person's name, driver's license information, age, date of birth, gender, physical characteristics, work location, and event narrative—all of which is personally identifiable information. *Id.*

As a member of the public requesting these records, Mr. Pinnicchia is entitled only to the unredacted portions that indicate that a referral was taken, an investigation took place, and that the police investigation was closed at the conclusion of the investigation—all of which is unredacted in the file that was disclosed to him. ECF No. 13-5; *see Associated Press v. U.S. Dep't of Def.*, 554 F.3d 274, 284 (2d Cir. 2009) ("Exemption 7(C) requires a court to balance the public interest in disclosure against the privacy interest Congress intended the Exemption to protect."). In sum, the fundamental purpose of Exemption 7(C) is to prevent unwarranted invasion of personal privacy through the use of FOIA, which is what would happen if the redacted information would be provided to Mr. Pinnicchia.

Third, there is no public interest that outweighs the privacy interest in this case. When there is a privacy interest under Exemption 7(C), the only relevant public interest is "the citizens' right to be informed about 'what their government is up to.'" *Reilly v. Dep't. of Justice*, 3:16-cv-2024 (VLB), 2018 WL 1582547, at * 6 (D. Conn. Mar. 30, 2018) (citing *Boyd v. Exec. Office of U.S. Attorneys*, 87 F. Supp. 3d 58, 73 (D.D.C. 2015)). Mr. Pinnicchia seeks this information because "[h]is accuser was never identified, he was never given any opportunity to understand the nature of the accusation against him, and he has never been afforded the opportunity of a name-clearing proceeding of any kind." Compl., at ¶ 6.

Mr. Pinnicchia's rationale falls outside of the recognized public interest purpose of identifying "what the government is up to." The undredacted information already informed Mr. Pinnicchia of what "the government [was] up to;" it was investigating this complaint about his alleged conduct, a complaint ultimately dismissed in his favor.[2] As a result, Mr. Pinnicchia's request is not a matter of public interest in the activities of government, but rather a personal one, an interest that does not further the public's interest when weighed against the countervailing privacy interests at issue.

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion for summary judgment, and the VA need not unredact the documents already provided.

**SO ORDERED** at Bridgeport, Connecticut, this 13th day of March 2019.

      /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

---

[2] Significantly, Mr. Pinnicchia claims that "he has never been afforded the opportunity of a name-clearing proceeding of any kind," Compl. at 6, but he nevertheless also alleged that "he was exonerated and returned to his regular employment. *Id.*